UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| SSH HOLDINGS, LLC. | : | |
| | : | CASE NO. 1:19-cv-2900 |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | [Resolving Doc. 84] |
| | : | |
| ALLIED WORLD SPECIALTY | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in this litigation jointly propose a protective order to limit public disclosure of information they indicate as confidential.

Granting a protective order is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[1] Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[2] Thus, courts in the Sixth Circuit approach protective orders with a strong presumption in favor of public access to judicial records.[3]

---

[1] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)).
[2] *See Brown & Williamson*, 710 F.2d at 1179; *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party").
[3] *Brown & Williamson*, 710 F.2d at 1179; *see, e.g., Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016); *In re Perrigo Co.*, 128 F.3d 430, 446-47 (6th Cir. 1997) (J. Moore, concurring in part and dissenting in part).

Case No. 1:19-cv-2900
Gwin, J.

The fact that the parties jointly seek a protective order does not overcome this presumption.[4]

Movants for a protective order must show substantial personal or financial harm before the Court will seal any documents.[5] Here, the parties fail to meet that standard. The proposed protective order is overbroad and unspecific. The parties have asked the Court for blanket authority to designate information as "Confidential" and to file such documents under seal. The proposed order would allow overbroad discretion, limited only by a promise to make a good faith determination that the documents contain certain information protected from disclosure.

The parties are, of course, free to privately contract to limit disclosure of documents and information. Additionally, any party or non-party may move to seal individual documents—provided that they make the requisite particularized showing.

The Court thus **DENIES** the parties' proposed protective order.

IT IS SO ORDERED.

Dated: July 27, 2020                    s/    *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[4] See *Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

[5] See, e.g., *Brown & Williamson*, 710 F.2d at 1179-80; *Sollitt v. KeyCorp*, 2009 WL 485031, at *2 (N.D. Ohio Feb. 26, 2009).

-2-