UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHH HOLDINGS, LLC | : | CASE NO. 1:19-cv-2900 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 50, 51 & 52] |
| v. | : | |
| ALLIED WORLD INSURANCE COMPANY, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Earlier, this Court granted Plaintiff SHH Holdings, LLC (SHH) partial summary judgement on its breach of contract and declaratory judgment counts against Defendant Allied World Specialty Insurance Company (Allied World). After summary judgment was given on this breach of an insurance contract claim, the Court ordered the parties to brief certain disputed damages questions.

For the reasons below, the Court awards certain described damages.

I. Background

Plaintiff SHH purchased insurance coverage from Defendant Allied World. During the policy period, the United States brought a false claims action against SHH. Certain former SHH employees initiated the action as a qui tam case.[1] The qui tam action contained claims of both improper billing practices and employee retaliation.[2]

---

[1] *Id.* at 4.
[2] *Id.*

Case No. 1:19-cv-2900
GWIN, J.

SHH did not ask for Allied World coverage for the false claims allegations.[3] Instead, SHH applied for only the retaliation claims.[4] Allied World rejected the claim and said that SHH knew, but earlier failed to disclose with its application, an earlier false claims inquiry.[5] Without Allied World's help, SHH then defended and ultimately settled the retaliation claims.[6] SHH also separately settled the billing-related claims with the government.[7]

In this lawsuit, SHH sued Allied World and said Allied World owed both indemnity and defense cost coverage for the retaliation claim.

After the parties agreed that the coverage issue was a legal question and on summary judgement, the Court determined that the insurance policy entitled SHH to coverage on the retaliation claim.[8] Accordingly, both parties agree that under this Court's insurance contract ruling, that SHH is entitled to the cost of the SHH's retaliation claims settlement, less the cost of the retention fee under the insurance policy.[9] That uncontested amount is $2 million.[10]

Given this Court's merits ruling, the parties also agree that SHH should recover attorneys' fees incurred in defending and ultimately settling the retaliation claim.[11]

---

[3] Doc. 39 at ¶ 12.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 5.
[7] *Id.*
[8] Doc. 48 at 14.
[9] Doc. 49.
[10] *Id.*
[11] *Id.*

- 2 -

Case No. 1:19-cv-2900
GWIN, J.

However, they contest the scope and amount of fees appropriately included in that representation.[12]

Additionally, Plaintiff and Defendant disagree whether Plaintiff can recover attorneys' fees for bringing this litigation to enforce the policy.[13]

Lastly, the parties agree that SHH is entitled to both pre-judgment and post-judgement interest.[14]

## II. Retaliation Claim Attorneys' Fees Under the Insurance Policy

The parties dispute the scope of the fees that SHH can recover for SHH's defense of the employee retaliation claim. Based on invoices of attorneys' fees incurred from the time period during which the policy was in effect, SHH contends that it is entitled to $111,918.04.[15] Allied World argues that SHH is only entitled to a subset of those costs, amounting to $55,226.54.[16] Allied World explains that its calculation excludes fees for work related to the False Claims Act portion of the underlying case, "mixed entries as to which SHH has failed to prove an entitlement to coverage in a discernable amount,"[17] and SHH counsel's work related to insurance coverage itself.

The parties agree that "entries that strictly involve work on the false claims defense" are not proper SHH policy damages in this case.[18] However, they arrive at different totals.

---

[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] Doc. 52 at 5. SHH initially claimed that it was entitled to $116,999.50. Doc. 50 at 3. But SHH subsequently acknowledged that some of its initial sum included costs SHH incurred before giving notice to Allied World, which are not covered under the policy. *See* Doc. 52 at 5.
[16] Doc. 51 at 5.
[17] *Id.* at 6.
[18] Doc. 52 at 4.

- 3 -

Case No. 1:19-cv-2900
GWIN, J.

SHH rejects Allied World's contention that fees can be "squarely divided" between the billing issue defense and the retaliation claims defense.[19] At a higher level, SHH argues that Allied World forfeited its right to "second-guess" SHH's execution of its defense when it declined SHH's insurance application.[20]

The Court finds SHH's argument unpersuasive. Under Ohio law, the party "who seeks to recover on an insurance policy generally has the burden of . . . proving a loss."[21] To do so, "[t]he insured must show facts sufficient to prove that its loss was within the description of the policy."[22] Here, SHH has not met that burden. SHH only briefly asserts the relatedness of the billing issue and the retaliation issue in its reply brief.[23] And a review of the entries themselves does not provide further clarity.

For example, multiple entries refer to discussions with the government regarding a "settlement," but fail to specify whether they are referring to the billing issue or retaliation claims settlement or indicate that the issues are necessarily related.[24] In light of the Court's inability to determine that all of the time entries that SHH seeks to recover come under its policy coverage, the Court finds that SHH has failed to meet its burden.

Lastly, the Court finds that SHH is not entitled to attorneys' fees related to investigating its insurance coverage options following Allied World's denial. These fees fall outside the insurance coverage and SHH has not met its burden.[25]

---

[19] *Id.*
[20] *Id.* at 3 (citing *Abercrombie & Fitch, Co. v. ACE Eur. Grp. Ltd.*, No. 2:11-CV-1114, 2014 WL 4915269, at *6 (S.D. Ohio Sept. 30, 2014)).
[21] *Chicago Title Ins. Co. v. Huntington Nat'l Bank*, 719 N.E.2d 955, 959 (Ohio 1999).
[22] *Sterling Merchandise Co. v. Hartford Ins. Co.*, 506 N.E.2d 1192, 1198 (Ohio App. Ct. 1986).
[23] Doc. 52 at 4–5.
[24] Doc. 44 at 413, 422, 438, 439, 444.
[25] *See* Doc. 52 at 4–5.

Case No. 1:19-cv-2900
GWIN, J.

Accordingly, the Court ORDERS Plaintiff SHH to be AWARDED $55,226.54 in attorneys' fees.

### III. Attorneys' Fees in This Litigation Under Ohio Law

The parties understandably dispute whether SHH is entitled to attorneys' fees for bringing this action as Ohio federal district courts and two Sixth Circuit decisions on this Ohio law question have reached differing results. Following this Court's *Erie Railroad Co. v. Tompkins*,[26] requirement, the Court applies what it believes the Ohio Supreme Court would rule.

As a general matter, Ohio law makes litigants responsible for their own attorneys' fees.[27] But in the context of certain insurance contracts, the Ohio Supreme Court has created an exception to that rule.

First, in 1973, the Ohio Supreme Court decided *Motorists Mut. Ins. Co. v. Trainor*.[28] In that case, an insurer brought a declaratory judgment action seeking to avoid both indemnifying and defending the insured in an underlying negligence action.[29] The court ruled against the insurer, holding in the syllabus that:

> Where an insurer wrongfully refuses to defend an insured in a negligence action [ . . . ] the insured is entitled to recover from the insurer his expenses, including reasonable attorney fees, in defending the action.[30]

The Court based its ruling on the "rationale [that] the insured must be put in a position as good as that which he would have occupied if the insurer had performed its duty."[31]

---

[26] 304 U.S. 64 (1938).
[27] *Gates v. Toledo*, 48 N.E. 500, 502 (Ohio 1897).
[28] 294 N.E.2d 874 (Ohio 1973).
[29] *Id.* at 878.
[30] *Id.* at 875, at ¶ 4.
[31] *Id.* at 878.

Case No. 1:19-cv-2900
GWIN, J.

Then, in the 1982 case *Allen v. Standard Oil Co.,*[32] the Ohio Supreme Court extended *Trainor*. In *Allen*, Refiners had an agreement to indemnify and defend Standard Oil.[33] When Refiners refused to defend Standard Oil against a negligence claim, Standard Oil undertook the defense itself and filed a third-party complaint to enforce the agreement. Despite noting that the case was "factually distinguishable" from *Trainor*, the *Allen* court nonetheless determined that under "the applicable legal principle," the fact that Refiners "failed in its duty to defend [ . . . ] should not require [Standard Oil] to incur expenses that it cannot recover."[34] Accordingly, the Court held that:

> When an indemnitor wrongfully refuses to defend an action against an indemnitee, the indemnitor is liable for the costs, including attorney fees and expenses, incurred by the indemnitee in defending the initial action and in vindicating its right to indemnity in a third-party action brought against the indemnitor.[35]

Additionally, the court again affirmed that its holding did not depend on the reason for which the coverage was declined.[36]

As Allied World correctly notes, both *Trainor* and *Allen* involved duty to defend policies, meaning that the insurer was required to defend the insured.[37] And Allied World also shows that the policy in this case did not necessarily require Allied World to defend the employee retaliation claim.[38] But the policy did give SHH the right to be reimbursed

---

[32] 443 N.E.2d 497 (Ohio 1982).
[33] *Id.*
[34] *Id.* at 500.
[35] *Id.* at 497, second paragraph of syllabus.
[36] *Id.* at 500 ("[W]e need not find or impute bad faith on the part of Refiners to invoke the *Motorists* exception.").
[37] Doc. 51 at 9–10 (quoting Doc. 44 at 288–289).
[38] *Id.*

- 6 -

Case No. 1:19-cv-2900
GWIN, J.

for SHH's defense expenses.[39] Allied World contends that the *Trainor* and *Allen* cases do not apply here.[40]

If *Trainor* and *Allen* were the only two cases on point, then Allied World's argument would have more force. However, Allied World fails to account for the Ohio Supreme Court's 1987 decision in *Worth v. Aetna Cas. & Sur. Co.*,[41] which concerned only an indemnity agreement, and not a duty to defend.[42]

In reaching its holding that the indemnitee could recover attorneys' fees for bringing the enforcement action, *Worth* explicitly extended *Allen*.[43] The *Worth* court reasoned that "the underlying rationale" of *Allen* was that:

> [W]here a party agrees to hold another harmless, the party seeking to enforce the terms of the indemnity agreement may be made whole by proceeding against the party who failed to abide by the terms of the agreement, and such recovery may include attorney fees.[44]

To the extent that subsequent Ohio lower courts[45] and federal courts have declined to grant attorneys' fees to indemnitees seeking to recover on enforcement actions, the Court finds that those cases did not adequately consider the Ohio Supreme Court's *Worth* decision. In *B-T Dissolution, Inc. v. Provident Life & Acc. Ins. Co.*,[46] the Sixth Circuit

---

[39] *Id.*
[40] *Id.*
[41] 513 N.E.2d 253 (Ohio 1987).
[42] *Id.* at 255 ("[T]he Company irrevocably authorizes Employee from time to time to retain counsel of his choice at the expense of the Company [ . . . ] to represent Employee in connection with the initiation or defense of any litigation or other legal action[. . . .] The reasonable fees and expenses of counsel selected from time to time by Employee as hereinabove provided shall be paid or reimbursed to Employee by the Company [. . . .]").
[43] *Id.* at 257.
[44] *Id.*
[45] *See, e.g., Pasco v. State Auto. Mut. Ins. Co.*, 2005-Ohio-2387 at ¶ 14 (Ohio App. Ct. 2005).
[46] 192 F. App'x 444 (6th Cir. 2006).

- 7 -

Case No. 1:19-cv-2900
GWIN, J.

rested its decision on the Ohio Supreme Court's 1983 decision in *Hoskins v. Aetna Life Ins. Co.*[47] But the *Hoskins* decision pre-dated *Worth* and also did not squarely address the issue of an indemnitee's rights to collect attorneys' fees for an enforcement action. More recently, Ohio federal district courts have drawn sharp distinctions in the *Trainor* and *Allen* decisions that this Court finds unsupported in *Worth*'s reasoning.[48]

Instead, the Court finds its decision in *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*[49] and the Sixth Circuit's decision in *Bank One, N.A. v. Echo Acceptance Corp.*[50] to demonstrate a greater fidelity to the Ohio Supreme Court's decisions. As the *Bank One* Court observed, "the absence of a duty to defend is not fatal" to a party seeking to recover attorneys' fees.[51] Therefore, SHH is entitled to the attorneys' fees incurred for bringing this action.

However, the short declaration[52] SHH filed along with introductory brief does not satisfy the well-established requirements that a party seeking attorneys' fees must submit records "of sufficient detail and probative value to enable the Court to determine with a high degree of certainty that such hours were actually and reasonably expended in the

---

[47] 452 N.E.2d 1315 (Ohio 1983)
[48] *See Scott Fetzer Co. v. Zurich Am. Ins. Co.*, No. 1:16 CV 1570, 2021 WL 1124385, at *6 (N.D. Ohio Mar. 24, 2021); *Carpenter v. Liberty Ins. Corp.*, 413 F. Supp. 3d 727, 733 (S.D. Ohio 2019).
[49] No. 1:11-CV-2074, 2012 WL 1998049, at *5 (N.D. Ohio June 4, 2012) (attorneys' fee recoverable in suit to enforce indemnity agreement).
[50] 380 F. App'x 513, 526 (6th Cir. 2010) (same).
[51] *Id.* at 525.
[52] Doc. 50-1.

Case No. 1:19-cv-2900
GWIN, J.

prosecution of the litigation."[53] The Court accordingly ORDERS Plaintiff SHH to SUBMIT billing records for attorneys' fees incurred in this action.[54]

### IV. Pre-Judgment Interest

The parties agree that SHH is entitled to pre-judgment interest under Ohio law.[55] They also agree that "[t]he retention amount should be applied to the defense fees instead of the settlement amount as the defense fees were incurred first."[56]

The Court therefore accepts Allied World's calculation and accordingly ORDERS Plaintiff SHH to be AWARDED $60,077.37 in pre-judgment interest.

### V. Post-Judgment Interest

The parties also agree that the federal post-judgment interest rate is applicable to SHH's damages.[57] This interest began to accrue on November 2, 2020. Accordingly, the Court ORDERS that Plaintiff is AWARDED post-judgment interest at the federal statutory rate on the damages from November 2, 2020 until the satisfaction of judgment.

### VI. Conclusion

Accordingly, it is ORDERED that Plaintiff SHH is AWARDED $2 million in damages and $55,226.54 in attorneys' fees and $60,077.37 in pre-judgment interest and post-judgment interest consistent with this order. Plaintiff will submit detailed billing records for the time and expenses associated with this litigation by October 5, 2021.

IT IS SO ORDERED.

---

[53] *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008).
[54] While the Court notes that Plaintiff SHH failed to comply with February 25, 2020 CMC Scheduling Order, the Court declines to find that dismissal is an appropriate sanction where Plaintiff SHH pleaded attorneys' fee damages in its complaint. Doc. 1 at 7.
[55] Doc. 51 at 6 (citing Ohio Rev. Code § 1343.03(A)).
[56] Doc. 52 at 5.
[57] Doc. 50 at 6–7; Doc. 51 at 8 n.3.

- 9 -

Case No. 1:19-cv-2900
GWIN, J.

Dated: September 28, 2021          *s/     James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE