UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| SHH HOLDINGS, LLC, | : | CASE NO. 19-cv-2900 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 73] |
| v. | : | |
| | : | |
| ALLIED WORLD SPECIALTY | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On May 15, 2023, the Sixth Circuit reversed this Court's grant of summary judgment to Plaintiff SHH Holdings and ordered the Court to enter judgment for Defendant Allied World.[1] On June 23, 2023, this Court did so.[2] That same day, the Court also awarded Defendant costs in the amount of $26,505 for filing fees and bond premiums.[3]

On June 27, 2023, Plaintiff moved for relief from the Court's award of costs to Defendant, arguing that it would be inequitable for Plaintiff to have to pay Defendant's filing fees and bond premiums and that the Sixth Circuit did not award Defendant costs because the Sixth Circuit's order was silent on the costs issue.[4] Defendant opposes Plaintiff's motion.[5]

Plaintiff mistakenly appears to believe that the Court has discretion to order the parties to bear their own costs in this matter. It does not.

---

[1] Doc. 69.
[2] Doc. 71.
[3] Doc. 72.
[4] Doc. 73.
[5] Doc. 74.

Case No. 19-cv-2900
GWIN, J.

Federal Rule of Appellate Procedure 39 creates a set of default rules that by-and-large award appeal costs to whichever party prevails on appeal.[6] These default rules apply unless an appellate court orders otherwise.[7] Thus, an appellate order that does not discuss costs does not imply that a panel has not awarded costs—quite the contrary.

Most relevantly here, Fed. R. App. P. 39(a)(3) states that when a district court judgment is reversed, costs are taxed against the appellee. Fed. R. App. P. 39(e) then explains that certain costs are taxable in the district court, rather than the court of appeals. These costs include bond premiums and the fee for filing a notice of appeal, which are precisely the costs that this Court awarded to Defendant.

Crucially, when a party is entitled to costs under Rule 39(a), district courts "cannot exercise a second layer of discretion" in deciding whether to award costs under Rule 39(e).[8] Here, the Sixth Circuit's silence as to costs means that the default rule applies and that Defendant is entitled to costs as the prevailing party. So, Plaintiff's motion for relief from judgment is **DENIED**.

IT IS SO ORDERED.

Dated: August 7, 2023                         s/     James S. Gwin
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[6] The exception being Fed. R. App. P. 39(a)(4), which by default leaves cost awards entirely to the discretion of the appellate court when a trial court decision is only partially affirmed, reversed, vacated, or modified.
[7] *City of San Antonio, Texas v. Hotels.com, L. P.*, 141 S. Ct. 1628, 1633 (2021).
[8] *Id.*